### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

IN RE:
WILLIAM R MOYER                                           CASE NO. 16-10077
Debtor                                                   CHAPTER 13

---

TRUSTEE'S OBJECTION TO NOTICE OF PAYMENT CHANGE
FILED BY SN SERVICING ON JANUARY 3, 2018 AS THE SERVICER IS FAILING TO COMPLY WITH
THE TERMS OF THE CONFIRMED PLAN AND VIOLATING 11 U.S.C. 362(k)

---

Comes now the Trustee, Debra L. Miller, and for her Objection to the Notice of Payment Change

filed on January 3, 2018 states as follows:

1.  This bankruptcy was filed on January 25, 2016 and the plan was confirmed on March 30,

    2016. The only party to timely object to confirmation was the Trustee, which was resolved

    by an immaterial modification filed on March 28, 2016.

2.  The plan, as confirmed, provides to cure and maintain the mortgage on the residence,

    listed as Christiana Trust and requires that the creditor apply payments in a manner

    consistent with the terms of the plan or such action may be a violation of 11 U.S.C.

    §524(i).[1]

3.  In order to comply with the terms of the confirmed plan, and applicable bankruptcy law,

    the servicer must apply the pre petition payments sole to pre petition amounts due, and

    apply post petition payments solely to the post petition amounts due.[2]

---

[1] A copy of the plan is attached as Exhibit 1.
[2] *Rake v. Wade,* 508 U.S. 464, 473 (1993) (noting that as authorized by § 1322(b)(5), mortgage creditor's
claim is "split...into two separate claims--the underlying debt and the arrearages").

4. To effectuate this application, the Trustee's disbursement checks pay the two claims (the ongoing cure and the pre petition arrearage) as separate claims AND provide the month that the post petition payment disbursed is to be applied to.

5. The servicer in this case is failing to apply payments pursuant to the terms of the plan in violation of 11 U.S.C. §1327(a), failing to comply with the requirements of 11 U.S.C. 362(k)(1) and due to the willful failure to properly apply payments is seeking additional monies that are already included in the pre petition arrearage to the detriment of the Debtor and the estate.

6. Additionally, the servicer is failing to comply with Federal Rules of Bankruptcy Procedure 3002.1(b) to provide the notice of change in the payment amount that resulted from an escrow account adjustment as they failed to properly conduct the analysis as required by 12 CFR §1024(d)(2).

PROOF OF CLAIM FILED 5/23/26

7. On May 23, 2016, Christiana Trust, in care of Rushmore Loan Management Services LLC, filed a proof of claim.[3]

    a. The proof of claim included a projected escrow shortage of $700.69 as of the date of filing and indicates that the investor, did not require a cushion as allowed under RESPA.[4]

_____

[3] Court claim #7 attached as Exhibit 2.
[4] 12 C.F.R. § 1024.17(c)(1)(i).

b. The attachment to the proof of claim shows a monthly payment of $825.14 as of February 1, 2016, consisting of $591.56 principal and interest and $233.58 required escrow payment.

c. On April 24, 2017, a Transfer of Claim was filed in this case showing that the claim had been transferred to U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust, ("US Bank") with the notices to and the servicing of the mortgage to SN Servicing, 323 5th St., Eureka CA 95501.

NOTICE OF PAYMENT CHANGE 1/27/17

8. On January 27, 2017, Rushmore filed a Notice of Payment Change. Attached to the Notice of Payment Change was an escrow analysis dated December 23, 2016.[5]

a. That analysis, on page 2, correctly showed the escrow balance as of the date of filing as $700.69 (the escrow shortage) and showed that the new calculated monthly payment as of March 1, 2017 would be $859.77, consisting of $591.56 for principal and interest and $268.21 for escrow.

b. That analysis showed a different mortgage payment than what was filed with the Court ("The most recent mortgage payment was $842.64 of which $251.08 went to the escrow account and the remainder of $591.56 went towards the mortgage loan".) showing $251.08 as the escrow amount due instead of $233.58 as filed with the proof of claim.

_____

[5] A copy of the Notice of Payment Change is attached as Exhibit 3.

    c.   That analysis failed to show that the post petition payments were properly applied to escrow, showing the application of $4466.94 instead of the $2569.38 actually paid.

    d.   That analysis showed that Rushmore calculated an actual post petition balance of $700.74 in February 2017, with a projected actual balance (usually the contractual balance) of $1519.44.

    e.   Rushmore appears to have applied most of the post petition payments to post petition amounts due and performed a post petition escrow balance sufficient to properly calculate the required escrow payment as of March 1, 2017.

## NOTICE OF PAYMENT CHANGE DATED 1/3/18

9.   On January 3, 2018, US Bank, thru their servicing SN Servicing Corporation ("Servicer") filed a Notice of Payment Change in this case.  The Notice shows the "Current Escrow Payment" was $268.21- consistent with the last payment change filed in this case, with a new monthly payment of $900.44 as of March 1, 2018 consisting of $308.88 for escrow and $591.56 for principal and interest.[6]

    a.   A review of the escrow analysis shows that the servicer is not applying payments consistent with the terms of the plan. Trustee notes that **during the twelve month period of the analysis, the servicer fails to post a single post petition escrow payment correctly.**

---

[6] A copy of the Notice of Payment Change is attached as Exhibit 4.

b. In the escrow analysis, US Bank seeks to collect not only the required amount for the ongoing escrow amounts due in the next 12 months, but also seeks to collect a monthly shortage amount of $20.05 due a claimed shortage of $1202.89 to the RESPA cushion as calculated by the low point of the escrow account during the 12 months looking forward period.[7]

c. In actuality, the Debtor has paid sufficient funds to pay all the taxes and insurance that have been paid and accrued since filing, but also has a positive escrow balance of $1939.32 as of February 2018, which is more than required balance to meet the requirements of RESPA.

US BANK FAILS TO APPLY PAYMENTS AS REQUIRED BY THE PLAN AND THE BANKRUPTCY CODE.

10. Case law is clear that the payments MUST be applied pre to pre and post petition payments to post petition amounts owed NOT to the oldest outstanding unpaid periodic payment due (contractually).[8]

---

[7] 12 C.F.R. § 1024.17(c)(1)(i).  Trustee questions whether or not a cushion is actually required by the investor as neither the escrow analysis not the first escrow analysis attached to the Notice of Payment Change showed a cushion was required.  Such requirements are set by the holder of the Note NOT the servicer.

[8] See In re Boday, 397 B.R. 846 (Bankr. N.D. Ohio 2008) (creditor violated plan confirmation order and discharge order by failing to apply portions of debtor's ongoing post-petition payments to reduce principal balance as if loan were not in default); In re Hudak, 2008 WL 4850196, at *5 (Bankr. D. Colo. Oct. 24, 2008) (Bankruptcy Code, not language of deed of trust determines how ongoing payments will be applied while debtor cures default in chapter 13); In re Myles, 395 B.R. 599 (Bankr. M.D. La. 2008) (creditor improperly treated post-petition payments as if loan in default); In re Payne, 387 B.R. 614 (Bankr. D. Kan. 2008) (imposing sanctions upon servicer who improperly created a post-petition escrow arrearage by applying debtors' payments to prepetition debt rather than to the currently due monthly installments); In re Collins, 2007 WL 2116416 (Bankr. E.D. Tenn. July 19, 2007) (upon plan confirmation, creditor must update accounting system so that post-petition maintenance of payment installments are treated as contractually current).

11. From an accounting standpoint, this requires that a creditor allocate a debtor's loan payments in the following manner: First, the creditor must apply the arrearage payments it receives during the plan's duration in accordance with the terms of the plan, so that upon completion of the plan the debtor is deemed current on the prepetition amortization schedule.[9] Second, payments received from the debtor to service those payments which contractually accrue post-petition, must be allocated according to the terms of the parties' contract as if no default had occurred.[10] Creditors who adopt accounting procedures contrary to this method can be held liable for damages suffered by the debtor.[11]

12. This separate accounting for pre- and post-petition payments is consistent with industry standards. Under the topic of "Processing Pre-Petition and Post-Petition Payments," the Fannie Mae Servicing Guide states: "The servicer must monitor and separately account for all pre-petition and post-petition payments."[12] Once a Chapter 13 bankruptcy plan has been confirmed, the Fannie Mae Servicing Guide states the servicer must "continue to monitor the timely receipt of all payments for the pre-petition arrearages and any post-petition payments that come due.[13]

---

[9] *In re Boday* at 846,850-851.

[10] *Id.* citing *In re Wines,* 239 B.R. 703 (Bankr.D.N.J.1999).

[11] *In re Nosek,* 363 B.R. 643 (Bankr.D.Mass.2007).

[12] Fannie Mae Servicing Guide, E-2.2-04: Managing Chapter 13 Bankruptcies (11/12/2014), available at: https://www.fanniemae.com/content/guide/servicing/e/2.2/04.html.

[13] Id. Fannie Mae Servicing Guide instructs servicers to "maintain several sets of records during the term of the reorganization plan: one that reflects application of the payments under the terms of the reorganization plan, one that reflects application of the payments under the original terms of the mortgage loan, and one that reflects application of any scheduled interest that must be remitted to Fannie Mae if the mortgage loan has a scheduled/actual remittance type." Importantly, this record keeping does not affect the actual application of payments while a confirmed Chapter 13 case is pending – payments

13. This same bankruptcy accounting applies to the treatment of escrow accounts. The portion of each post-petition mortgage payment that is attributable to escrow must be applied as if no default exists. This means that the monthly post-petition escrow payments must be applied as deposits to the escrow account in accordance with the escrow account analysis prepared as of the petition date, and all subsequent post-petition analyses done during the case. The escrow portion of post-petition payments must not be applied to any prepetition escrow deficiency or shortage, as this is being paid separately as part of the prepetition arrearage.

14. Case law has upheld this treatment. U.S. Bank, and the entity servicing the mortgage, must adjust its accounting practices because of the Debtor's bankruptcy. As the bankruptcy court in *In re Nosek* stated- "The purpose of a Chapter 13 plan is to allow a debtor to pay arrears during the pendency of the plan while continuing to make payments at the contract rate. Payments made during the pendency of the Chapter 13 plan should have been applied by [the lender] to the current payments [then] due and owing with the arrearage amounts [received from the Chapter 13 Trustee] to be applied to the back payments. [The lender] cannot use its accounting procedures to contravene the terms of a confirmed Chapter 13 plan and the Bankruptcy Code."[14]

15. Once a debtor files for Chapter 13, the Bankruptcy Code, and only the Bankruptcy Code, dictates the protections (such as the preemption of state law remedies) afforded to the lender and the obligations (such as the separate accounting for pre-and-post petition

---

received from the trustee and the debtor (in a non-conduit district) must be applied in accordance with the terms of the Chapter 13 plan and the Bankruptcy Code.

[14] *Nosek v. Ameriquest Mortgage Co. (In re Nosek),* 363 B.R. 643, 645 (Bankr.D.Mass. Mar. 6, 2007)

payments) required of them.[15] Servicers, such as U.S. Bank, are not excused from doing it right, even if it is an administrative burden.[16] Even if a servicer claims to consider the debtor current, this must also be reflected on a creditor's payment history, which is shared with the debtor and the outside world.[17]

TRUSTEE'S ANALYSIS OF ESCROW ACCOUNT

16. Trustee has analyzed the escrow account as of the date of the bankruptcy. (A copy of the analysis is attached as Exhibit 5) Beginning with the balance in the account as of the date of filing (the escrow shortage amount included in the proof of claim pre-petition arrearage), the Trustee entered each post petition payment and each disbursement from the escrow account monthly into the excel.

17. Trustee's calculations show that when the post petition payments and disbursements are calculated using the "actual" taxes and insurance amounts paid, the escrow balance has been positive since the date of filing, and varies as much as $11k from the amounts shown in the analysis filed with the Court.

18. As of the date of the escrow analysis, Trustee calculates that the post petition escrow balance as of February 2018 was $1939.92- a $1698.60 difference from the amount mortgage servicer asserts is the balance. This is also $495.72 HIGHER than the RESPA required escrow balance calculated by US Bank as of February 2018- meaning that **instead of a $1202 SHORTAGE there is actually a $495.72 SURPLUS in the escrow account.**

---

[15] Id.
[16] Id at 649-650.
[17] Id.

19. In this case, not only does the escrow analysis filed with the Court not reflect that the Debtor is current- i.e. made all the required payments into the escrow account- but the servicer also seeks to have the Debtor pay additional funds as a shortage that is incorrect.

US BANK FAILS TO COMPLY WITH THE REQUIREMENTS OF F.R.B.P. 3002.1(b)

20. Bankruptcy Rule 3002.1(b) specifically requires mortgage creditors to provide debtors with "a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due." The rule is intended to operate in conjunction with RESPA and TILA for payment changes on mortgage accounts that result from escrow account and interest rate adjustments. With respect to these payment changes, the Official Bankruptcy Form (Form 410S1) that implements Rule 3002.1(b) operates essentially as a cover sheet by providing limited information and relying upon the more extensive disclosures given by the notices under RESPA and TILA. Thus, the mortgage creditor is required to attach to the bankruptcy form a RESPA escrow account statement or TILA interest rate change notice in a form consistent with applicable non-bankruptcy law (RESPA and TILA).

21. US Bank's servicer's escrow analysis is not consistent with the requirements of RESPA and has entries that are incorrect and unexplained. The escrow analysis, on page 3 of 7, shows a $9802.74 "actual" payment from escrow in March 2017, a $12,025.51 "actual" payment to escrow in December 2017 and an $4271.29 "Escrow Only" payment to escrow in December 2017. No explanation has been provided for these amounts- each of which far exceeds the total yearly taxes and insurance for the real estate of $3466.00.

22. US Bank's servicer's escrow analysis also fails to calculate the required and actual escrow balances as required to determine if an escrow shortage exists.  US Bank shows a "$0.00" balance for the entire column of the "Required Escrow Balance".  US Bank starts the escrow calculation with an "Actual balance" of $0.  Both of these amounts are wrong as the amount should have been the $700.74 actual balance remaining from the last escrow analysis.

23. US Bank's servicer's escrow analysis shows incorrectly that the Debtors post petition escrow balance was negative for 11 of the 12 month period that it covers- when a calculation shows that the actual post petition escrow balance ranged from positive $867.08 to $3424.88 during those same months.

US BANK VIOLATED AUTOMATIC STAY BY SEEKING ADDITIONAL FUNDS INCLUDED IN THE POC

24. U.S. Bank, through its servicer, by failing to post the payments correctly and performing incorrect calculations, failed to comply with the requirements of RESPA and TILA.

   a. The servicer, as they failed to properly apply the post petition payments made from February 2017 to February 2018, incorrectly calculated the "look back" escrow to determine the balance of the account as of February 2018. The calculation, instead of showing a POSITIVE escrow balance of $1939.92, which was sufficient to fund the RESPA low point and cushion with an escrow surplus, claimed a shortage of $1202.89.

   b. The servicer, to add insult to injury, proposes pay the shortage at $20.05 a month for 60 months- not only increasing the Debtor's payment during the remaining 36 months of the bankruptcy- but continuing to collect the non existing shortage for

**24 months AFTER the term of the plan ends and the Debtor receives their discharge.**

25. Trustee asserts that US Bank, through its servicer, is applying the bankruptcy mortgage payments contractually instead pre petition to pre petition and post petition to post petition amounts due. The Debtors have a large pre-petition arrearage- and the "balances" of the escrow account appear to be the "contractual" balance instead of the required post petition balance. As the pre-petition arrearage is not paid in full, and the servicer is applying payments contractually, a servicer then "inserts" or "plugs" a calculated amount into the escrow calculation to try to account for the pre petition escrow amounts not paid.

26. It appears that U.S. Bank, through its servicer has inserted "calculated plug" amounts of $9802.74, $4271.29 and $12,025.51 into the analysis to remedy this difference. Trustee notes that the $9802.74, $4271.29 and $12,025.51 are not valid or actual disbursements or receipts during the bankruptcy, but instead appears to be inserted to "correct" the contractual nature of their application and accounting.

27. U.S. Bank, through its servicer, by failing to properly apply payments consistent with the terms of the confirmed plan and the Bankruptcy Code, violates 11 U.S.C. §362(k) and §524(i) as it was strictly prohibited to apply payments in this manner pursuant to the terms of the confirmed plan. Had the servicer properly applied the pre petition and post petition funds since the filing of this bankruptcy, no "corrective" amounts would need to be inserted and no shortage amounts would have been demanded.

28. The automatic stay restrains creditors from continuing any collection efforts against the debtor or property of the estate.[18]  An individual injured by any willful violation shall recover actual damages, including costs and attorney's fees, and may recover punitive damages.[19] No specific intent is required and actions taken post-petition such as improperly applying trustee payments[20] can violate the stay.

29. In this case, the servicer knew of the Chapter 13 Bankruptcy, was served a copy of the plan, failed to object to the terms and provisions of the plan, filed a proof of claim and filed an improper escrow analysis showing that the servicer was not applying the payments with the confirmed plans provisions.

30. Servicers failure to properly apply payments pursuant to the terms of the confirmed plan, conducting an incorrect escrow analysis and failure to accurately account for the post petition escrow amounts received has resulted in the servicer demanding a funds they are not entitled to as an escrow shortage and filing an incorrect escrow analysis showing balances of the escrow account that are patently incorrect.

WHEREFORE, for all of the above reasons, the Trustee objects to the Notice of Payment Change as it fails to comply with the requirements of Fed. R. Bankr. Pro. 3002.1(b), that the U.S. Bank, through its servicer SN Servicing, applied post petition payments contrary to the terms of the plan, the requirements of 11 U.S.C. §1322(b)(5) and in violation of 11 U.S.C. §362(k) and §524(i). Trustee asks the Court to set this matter for hearing as to why U.S. Bank, through its servicer SN Servicing, has failed to comply with the terms of the plan, violated the automatic stay, seek

---

[18] *In re Johnson,* 501 F.3d 1163, 1169 (10th Cir.2007).
[19] 11 U.S.C. §362(k)
[20] *In re Sanchez,* 372 B.R. 289, 311 (Bankr.S.D.Tex.2007)

additional funds from the Debtor and estate that they are not entitled to. Due to U.S. Bank and its servicers actions, Trustee asks 1. for her attorney's fees and costs for bringing this action; 2. that the Court require U.S. Bank and its servicer to explain their actions and procedures in the application of payments and calculation of escrow in this case, 3. that U.S. Bank and its servicer be required to un-apply and properly apply all Chapter 13 funds consistent with the requirements of the confirmed plan and the Bankruptcy Code and 4. any other relief it believes is appropriate.

Dated: February 2, 2018                                        Respectfully Submitted,

                                                              /s/ Debra L. Miller, Trustee
                                                              Standing Chapter 13 Trustee
                                                              PO Box 11550
                                                              South Bend, IN  46634
                                                              (574) 254-1313

## CERTIFICATE OF SERVICE

I hereby certify that a full and complete copy of this Objection was served as follows on February 2, 2018

**By U.S. First Class Mail**
- William & Jennifer Moyer, 1535 Henry St., Huntington, IN  46750

**By U.S. First Class Mail, Certified Return Receipt Requested**
- U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust, Attention Millard Southern or Andrew J. Cecere, President, 300 Delaware Avenue, 9th floor, Wilmington DE  19801.
- SN Servicing Corp., Robin P Arkley II, President, 323 5th Street, Eureka CA  95501
- Julian Cotton, Buckley Madole P.C., P.O. Box 9013, Addison TX, 75001

**Via CM/ECF**
- Jeffrey Arnold, Counsel for Debtors, Arnold Law Office, 209 West Vanburen St., Columbia City, IN  46725
- United States Trustee, 100 East Wayne St., Suite 555, South Bend, IN  46601

                                        _____
                                        Debra L. Miller, Trustee



TRUSTEE
EXHIBIT

Bumberg No. 5185

In re:

WILLIAM R MOYER

JENNIFER L MOYER

Case No.: 16-10077

Chapter 13

Date filed: January 25, 2016

# Chapter 13 Plan

*Check all that apply:*

- ❑ The plan seeks to limit the amount of a secured claim, which may result in a creditor's lien receiving a partial payment or no payment at all, as set out in Part 2, Section 7.
- ❑ The plan requests the avoidance of a judicial lien as set out in Part 2, Section 9.
- ❑ The plan requests the avoidance of a non-possessory, non-purchase-money security interest as set out in Part 2, Section 10.
- ☒ The plan sets out additional provisions in Part 10.

**Notice to Interested Parties:  Your rights may be affected. Your claim may be reduced, modified, or eliminated.**

You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Plan treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the hearing on confirmation, **unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed..

## Part 1: Plan Payments and Length of Plan

1.  **Debtor(s) will pay to the trustee**  $ 2,200.00   per month for   60   months, and

    $ _____   per month for   _____   months.

2.  **Payments to the trustee will be made from future earnings in the following manner:**

    ☒ Debtor(s) will agree to entry of a payroll deduction order.

    ❑ Debtor(s) will make payments directly to the trustee.

3.  **Additional payments to the trustee will be made as follows:**

    *Check all that apply:*

    ☒ Debtor(s) will turn over to the trustee:

        ❑ any tax refunds received during the plan term

        ☒ any tax refunds in excess of   $ 500.00   received during the plan term

    ❑ Other sources of funding, including the sale of property. Describe the source, amount, and date when available:

4.  **The total amount of plan payments is**  $ 132,000.00, or until all claims are paid in full, whichever is less.

5.  **The term of the plan is**   60   months.

6.   **Cure of default and maintenance of payments**

The debtor(s) will cure the default and maintain the contractual installment payments on the secured claims listed below. The allowed claim for the arrearage amount, if any, will be paid under the plan, with interest if specified, at the rate stated.

| Name of creditor | Collateral | Current installment payment (including escrow payment) | Interest rate on arrearage (if applicable) | Estimated amount of arrearage |
|---|---|---|---|---|
| CHRISTIANA TRUST | Residence | Payment: $865.00 <br><br> Disbursed by: <br> ☒ Trustee <br> ☐ Debtor(s) <br><br><br> Payment:  $ <br><br> Disbursed by: <br> ☒ Trustee <br> ☐ Debtor(s) | 0.00% | $40,000 (est) |

7.   **Determination of allowed secured claims and claim modification**

The claims listed below are allowed secured claims to the extent of the value of the creditor's interest in the collateral as provided under 11 U.S.C. § 506(a). Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral will be the amount of the allowed secured claim listed below, and it will be paid in full under the plan with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the allowed secured claim will be treated as an unsecured claim under Part 4 of this plan. If the amount of a creditor's allowed secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 of this plan. The holder of any allowed secured claim, other than a mortgage treated in Part 2, Section 6, will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of creditor | Amount of creditor's claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Interest rate | Amount of creditor's secured claim to be paid | Estimated monthly plan payment |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

8. **Secured claims not subject to 11 U.S.C. § 506**

The claims listed below were either:

(1)   incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or

(2)   incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below.

*Check if applicable:*

❑   Other secured claims not subject to 11 U.S.C. § 506 that are not listed below are provided for in Part 10 below.

| Name of creditor | Collateral | Interest rate | Amount of claim to be paid | Estimated monthly plan payment |
|---|---|---|---|---|
|  |  |  |  |  |

9. **Judicial lien avoidance**

The judicial liens securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U. S. C. § 522(b). A judicial lien securing a claim listed below will be avoided to the extent that the lien impairs such exemptions upon entry of the order confirming the plan. The amount of the lien that is avoided will be treated as an unsecured claim in Part 4. The amount of the lien that is not avoided will be paid in full as a secured claim under the plan. See 11 U. S. C. § 522(f) and Bankruptcy Rule 4003(d).

| Name of creditor | Collateral | Judgment date and date of lien recording | Lien recording information | Amount of lien not avoided and paid as secured claim | Interest rate (if applicable) | Estimated monthly plan payment (if applicable) |
|---|---|---|---|---|---|---|
|  |  |  |  | a.  Amount of judicial lien                          $ |  |  |
|  |  |  |  | b.  Amount of all other liens                        $ |  |  |
|  |  |  |  | c.  Value of claimed exemptions          +  $ |  |  |
|  |  |  |  | d.  Total: Lines a + b + c = line d           $ |  |  |
|  |  |  |  | e.  Value of debtor's interest in property   $ |  |  |
|  |  |  |  | f.  Subtract line e from line d                    $ |  |  |

Extent of exemption impairment
*(Check applicable box)*:

☒ **Line f is equal to or greater than line a.** The entire lien is avoided.

❑ **Line f is less than line a.** A portion of the lien is avoided.

Amount of lien not avoided:
Subtract line f from line a                       $_____

Amount of judicial lien

b.   Amount of all other liens                         $

c.   Value of claimed exemptions          +  $

d.   Total: Lines a + b + c = line d                  $

e.   Value of debtor's interest in property   $

f.   Subtract line e from line d                       $

Extent of exemption impairment
(*Check applicable box*):

☒ **Line f is equal to or greater than line a.** The
entire lien is avoided.

❏ **Line f is less than line a.** A portion of the lien is
avoided.

Amount of lien not avoided:
Subtract line f from line a                    $_____

| Name of creditor | Collateral | Amount of security interest not avoided and paid as secured claim | Interest rate (if applicable) | Monthly plan payment (if applicable) |
|---|---|---|---|---|

Amount of judicial lien                                 $

b.   Amount of all other liens                         $

c.   Value of claimed exemptions          +  $

d.   Total: Lines a + b + c = line d                  $

e.   Value of debtor's interest in property   $

f.   Subtract line e from line d                       $

Extent of exemption impairment
(*Check applicable box*):

☒ **Line f is equal to or greater than line a.** The
entire lien is avoided.

❏ **Line f is less than line a.** A portion of the lien is
avoided.

Amount of lien not avoided:
Subtract line f from line a                    $_____

a.   Amount of judicial lien                          $_____

b.   Amount of all other liens                       $_____

c.   Value of claimed exemptions          +  $_____

d.   Total: Lines a + b + c = line d                $_____

e.   Value of debtor's interest in property   $_____

Extent of exemption impairment
(*Check applicable box*):

❏ **Line d is more than line e.** The entire lien is
avoided.

❏ **Line d is less than line e.** A portion of the lien is
avoided.

Amount of lien not avoided and paid:      $_____

10. **Surrender of collateral**

The debtor(s) elect to surrender to the creditors listed below the personal or real property that is collateral for the claim. The debtor(s) consent to termination of the stay with respect to the collateral upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of creditor | Collateral |
| --- | --- |
| | |

## Part 3: Treatment of Administrative and Other Priority Claims

11. **Trustee's fees**

    Fees of the standing trustee will be paid in full, without interest according to 28 U.S.C. §586.

    These fees are estimated to be   8%   of plan payments; and during plan term, they are estimated to total   $_____.

12. **Attorney's fees**

    Fees of the attorney, in the amount of   $3,910.00 (unpaid)   will be paid in full, without interest.

13. **Other priority claims**

    All allowed priority claims will be paid in full.

| Name of creditor | Basis for priority treatment | Estimated amount to be paid |
| --- | --- | --- |
| | | |

14. **Domestic support obligations paid less than full amount**

    The allowed priority claims listed below based on a domestic support obligation will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount to be paid |
| --- | --- |
| | |

15. **Interest**

    Interest on allowed priority claims listed in line 15 will:

    *Check the applicable box:*

    ☒ Not be paid

    ☐ Be paid at an annual percentage rate of   _____ %   under 11 U.S.C. § 1325(a)(4), and is estimated to total   $_____.

## Part 4: Treatment of Nonpriority Unsecured Claims

16. **Cure of default and maintenance of payments**

The debtor(s) will cure the default and maintain the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan.

| Name of creditor | Current installment payment | Amount of arrearage to be paid |
|---|---|---|
| | Payment: $ | |
| | Disbursed by: | |
| | ☒ Trustee<br>❑ Debtor(s) | |
| | Payment: $_____ | |
| | Disbursed by: | |
| | ❑ Trustee<br>❑ Debtor(s) | |

17. **Separately classified nonpriority unsecured claims**

The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification | Treatment |
|---|---|---|
| | | |

18. **Nonpriority unsecured claims**

Nonpriority unsecured allowed claims that are not separately classified will be paid not less than: *Check the applicable box:*

❑ The sum of $_____ to be distributed on a pro rata basis to meet the requirements of 11 U.S.C. 1325 (a)(4) (best interests test).

❑ The sum of $_____ to be distributed on a pro rata basis to meet the requirements of the disposable income test.

☒ 100% of allowed claims

❑ The funds remaining after disbursements have been made to all other creditors provided for in this plan, to be distributed on a pro rata basis.

19. **Interest**

Interest on allowed unsecured claims, including separately classified claims, will (check the applicable box):

☒ Not be paid

❑ Be paid at an annual percentage rate of _____ % under 11 U.S.C. § 1325(a)(4), and is estimated to total    $ _____.

## Part 5: Executory Contracts and Unexpired Leases

20. **All executory contracts and unexpired leases are rejected, except those listed below, which are assumed and will be treated as provided for below or under another specified provision of the plan.**

| Name of creditor | Property description | Treatment<br>(Refer to other plan section if applicable) | Current installment payment | Estimated amount of arrearage to be paid |
|---|---|---|---|---|
| | | | Payment: $_____ | |
| | | | Disbursed by: | |
| | | | ❑ Trustee<br>❑ Debtor(s) | |

Payment    $
Disbursed by:

❏ Trustee
❏ Debtor(s)

## Part 6: Order of Distribution

21. **The trustee will pay allowed claims in the following order:**

   a. Administrative Claims, Post-Petition Mortgage Cure Payments and Monthly payments as provided for in Part 2, Sections 6, 7, 8, 9 and 10

   b. Attorney fees as listed in Part 3, Section 13 or as allowed by Order of the Court

   c. Unsecured monthly cure payments as listed in Part 4, Section 17.

   d. All allowed secured claims provided for in Part 2, Sections 6, 7, 8, 9 and 10 without a monthly payment, to be paid pro-rata

   e. Priority claims as provided for in Part 3, Sections 14, 15 and 16 to be paid pro rata

   f. Arrearage amounts listed in Part 4, Section 17 and specially classified unsecured claims to be paid in full pursuant to Section 18

   g. All other allowed unsecured claims provided for in Part 4.

## Part 7: Summary of Plan Disbursements

22. **From the payments received from the debtor(s), the trustee will make the following estimated disbursements on allowed claims:**

   a. **Current installment payments on secured claims** (*Part 2, Section 6 total*):  $ 51,900

   b. **Arrearage payments on secured claims** (*Part 2, Section 6 total*)  $ 40,000

   c. **Allowed secured claims** (*Part 2, Section 7 total*):  $_____

   d. **Secured claims not subject to 11 U.S.C. § 506** (*Part 2, Section 8 total*):  $_____

   e. **Judicial liens not avoided** (*Part 2, Section 9 total*):  $_____

   f. **Security interests not avoided** (*Part 2, Section 10 total*):  $_____

   g. **Administrative and other priority claims** (*Part 3 total*):  $3,910 plus trustee's fees

   h. **Current installment payments on unsecured debts** (*Part 4, Section 17 total*):  $_____

   i. **Arrearage payments on unsecured debts** (*Part 4, Section 17 total*):  $_____

   j. **Separately classified unsecured claims** (*Part 4, Section 18 total*):  $_____

   k. **Nonpriority unsecured claims** (*Part 4, Section 19 total*):  $ 11,125.99

   l. **Interest on allowed unsecured claims** (*Part 4, Section 20 total*):  +   $_____

   Total of 23a. through 23l.............................................................   $ 106,935.00

## Part 8: Miscellaneous Additional Provisions

23.  a.  Trustee will pay the increased or reduced claim amount allowed in any notice of change in payment timely filed under Rule 3002.1(b) without Notice or Order of Court.  Upon such change, the Debtor has a duty to modify their monthly plan payment accordingly.

b.  Trustee will pay the allowed fees, costs or amounts properly and timely applied for consistent with Rule 3002.1(c) without Notice or Order of Court.  Upon such change, the Debtor has a duty to modify their monthly plan payment accordingly.

c.  Debtors will timely turn over copies of their state and federal tax returns each year to the Trustee and their attorney and will not incur debt without approval of the Court or the Trustee.

d.  Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and deemed abandoned from the estate.

e.  Upon entry of order lifting stay, no distributions shall be made to the creditor until such time their claim is amended to show a deficiency claim.

f.  To receive distributions from the Trustee under the plan, all creditors- including secured creditors- must timely file a proof of claim with the Bankruptcy Court.  If a creditor applies payments in a manner not consistent with the terms of the plan, such actions may be a violation of 11 U.S.C. §524(i).

g.  Secured creditors listed in Part 2, Section 7 will be paid the value listed in the Plan OR the value of the collateral listed in the proof of claim, whichever is less.

## Part 9: Vesting of Property of the Estate

24.  Property of the estate shall revest in the debtor(s) upon discharge or dismissal of the case.

## Part 10: Additional Provisions

*Under Bankruptcy Rule 3015(c), non-standard provisions are required to be set forth below.*

The Huntington County Treasurer shall retain its lien in and upon the residential real estate listed as debtor's residence for due and unpaid property taxes.  Should debtor default, the Treasurer may advise the Trustee who shall pay the installment due with estate funds.  Debtor shall at that time adjust her Plan payment to ensure proper funding.

## Part 11: Signatures

**✗**  /s/ Jeffrey S. Arnold                                    Date:  1-25-2016
Signature of debtor's attorney
Jeffrey S. Arnold, #19743-02
209 W. Van Buren Street
Columbia City  IN  46725
260-248-2169



TRUSTEE
EXHIBIT
2

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | William R. Moyer |
| Debtor 2 (Spouse, if filing) | Jennifer L. Moyer |
| United States Bankruptcy Court for the: | Northern   District of   Indiana (State) |
| Case number | 16-10077-REG |

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-7 |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor   c/o Rushmore Loan Management Services LLC |

| | | |
|---|---|---|
| 2. | Has this claim been acquired from someone else? | ☑ No ☐ Yes. From whom? |

| | |
|---|---|
| 3 | Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) |

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Rushmore Loan Management Services LLC | Rushmore Loan Management Services LLC |
| Name | Name |
| P.O. Box 55004 | P.O. Box 52708 |
| Number        Street | Number        Street |
| Irvine, California 92619-2708 | Irvine, California 92619-2708 |
| City                State        ZIP Code | City                State        ZIP Code |
| Contact phone | Contact phone |
| Contact email | Contact email |
| Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☑ No ☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ MM / DD / YYYY |

| | | |
|---|---|---|
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No ☐ Yes. Who made the earlier filing? |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** Do you have any number you use to identify the debtor?

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>1984</u>

**7.** How much is the claim?   $138,769.52

Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information.

Money Loaned

**9.** Is all or part of the claim secured?

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of Property:

☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle.

☐ Other. Describe:   1535 Henry Street., Huntington, Indiana  46750

Basis for Perfection:   Recordation of Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____

Amount of the claim that is secured:   $138,769.52

Amount of the claim that is unsecured:   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $43,849.85

Annual Interest Rate (when case was filed)   8.000000%

☑ Fixed

☐ Variable

**10.** Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

**11.** Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ | No | | | |
|---|---|---|---|---|---|---|
| | | ☐ | Yes. *Check one.* | | | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | | $ _____ |
| | | | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | | $ _____ |
| | | | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | | $ _____ |
| | | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8) | | | $ _____ |
| | | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | | $ _____ |
| | | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | | $ _____ |
| | | * | Amounts are subject to adjustment on 04/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | | | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date        05/23/2016
                        MM / DD / YYYY

/s/ Julian Cotton
        Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Julian Cotton | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent for Rushmore Loan Management Services LLC | | |
| Company | Buckley Madole, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P. O. Box 9013 | | |
| | Number        Street | | |
| | Addison | TX | 75001 |
| | City | State | ZIP Code |
| Contact phone | (972) 643-6600 | Email | POCInquiries@BuckleyMadole.com |

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

(12/15)

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number | 16-10077-REG |
| Debtor 1 | William R. Moyer |
| Debtor 2 | Jennifer L. Moyer |
| Last 4 digits to identify | 1984 |
| Creditor | Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-7 |
| Servicer | Rushmore Loan Management Services LLC |
| Fixed accrual/daily simple interest/other | Fixed |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance | $73,046.76 |
| Interest due | $25,723.22 |
| Fees, costs due | $1,128.08 |
| Escrow deficiency for funds advanced | $11,324.82 |
| Deferred Amount: | $27,600.00 |
| Less total funds on hand | $64.86 |
| Total debt: | $138,758.02 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | $30,761.12 |
| Prepetition fees due | $1,128.08 |
| Escrow deficiency for funds advanced | $11,324.82 |
| Projected escrow shortage | $700.69 |
| Less funds on hand | $64.86 |
| Total prepetition arrearage | $43,849.85 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest | $591.56 |
| Monthly escrow | $233.58 |
| Private mortgage insurance | $0.00 |
| Total monthly payment: | $825.14 |

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Starting Balance | | $0.00 | | | | | | | | | | $0.00 |
| 10/01/2011 | $591.56 | $591.56 | | Regular Payment Due | | $591.56 | | | | | | $73,046.76 | | $0.00 | $1,646.96 | $1,120.00 |
| 11/01/2011 | $591.56 | | | Regular Payment Due | | $1,183.12 | | | | | | $73,046.76 | | $0.00 | $1,646.96 | $1,120.00 |
| 12/01/2011 | $591.56 | | | Regular Payment Due | | $1,774.68 | | | | | | $73,046.76 | | $0.00 | $1,646.96 | $1,120.00 |
| 01/01/2012 | $591.56 | | | Regular Payment Due | | $2,366.24 | | | | | | $73,046.76 | | $0.00 | $1,646.96 | $1,120.00 |
| 01/24/2012 | $1,402.56 | $1,467.42 | | Payment Applied | | $2,366.24 | | | $1,402.56 | | $64.86 | $73,046.76 | | $0.00 | $3,049.52 | $1,120.00 |
| 02/01/2012 | $591.56 | | | Regular Payment Due | | $2,957.80 | | | | | $64.86 | $73,046.76 | | $0.00 | $3,049.52 | $1,120.00 |
| 02/06/2012 | $602.00 | $602.00 | | Payment Applied | | $2,957.80 | | | $602.00 | | | $73,046.76 | | $0.00 | $3,651.52 | $1,120.00 |
| 03/01/2012 | $591.56 | | | Regular Payment Due | | $3,549.36 | | | | | | $73,046.76 | | $0.00 | $3,651.52 | $1,120.00 |
| 04/01/2012 | $591.56 | | | Regular Payment Due | | $4,140.92 | | | | | | $73,046.76 | | $0.00 | $3,651.52 | $1,120.00 |

(12/15)

# Mortgage Proof of Claim Attachment: Additional 10077-reg    Claim 7    Filed 05/23/16    Page 5 of 10

Case number: 16-10077-REG

Debtor 1: William R. Moyer

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Account Activity | | | How Funds Were Applied / Amount Incurred | | | | | Balance After Amount Received or incurred | | | | |
| 04/09/2012 | | | $311.09 | Escrow Disbursement: Hazard Insurance | | $4,140.92 | | | | | | $73,046.76 | $0.00 | $0.00 | $3,240.43 | $1,120.00 |
| 04/16/2012 | | | $1,094.50 | Escrow Disbursement: County Tax | | $4,140.92 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,255.93 | $1,120.00 |
| 05/01/2012 | $591.56 | | | Regular Payment Due | | $4,732.48 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,255.93 | $1,120.00 |
| 06/01/2012 | $591.56 | | | Regular Payment Due | | $5,324.04 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,255.93 | $1,120.00 |
| 07/01/2012 | $591.56 | | | Regular Payment Due | | $5,915.60 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,255.93 | $1,120.00 |
| 07/07/2012 | $591.56 | | | Regular Payment Due | | $6,507.16 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,255.93 | $1,120.00 |
| 07/10/2012 | | | $255.08 | Escrow Disbursement: Hazard Insurance | | $6,507.16 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,000.85 | $1,120.00 |
| 08/06/2012 | $591.56 | | | Regular Payment Due | | $7,098.72 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,000.85 | $1,120.00 |
| 09/01/2012 | $591.56 | | | Regular Payment Due | | $7,690.28 | | | | | | $73,046.76 | $0.00 | $0.00 | $2,000.85 | $1,120.00 |
| 10/01/2012 | $591.56 | | | Regular Payment Due | | $7,690.28 | | | | | | $73,046.76 | $0.00 | $0.00 | $946.35 | $1,120.00 |
| 10/24/2012 | | | $1,054.50 | Escrow Disbursement: County Tax | | $8,281.84 | | | | | | $73,046.76 | $0.00 | $0.00 | $946.35 | $1,120.00 |
| 11/01/2012 | $591.56 | | | Regular Payment Due | | $8,873.40 | | | | | | $73,046.76 | $0.00 | $0.00 | $946.35 | $1,120.00 |
| 12/01/2012 | $591.56 | | | Regular Payment Due | | $9,464.96 | | | | | | $73,046.76 | $0.00 | $0.00 | $946.35 | $1,120.00 |
| 01/01/2013 | $591.56 | | | Regular Payment Due | | $10,056.52 | | | | | | $73,046.76 | $0.00 | $0.00 | $946.35 | $1,120.00 |
| 02/01/2013 | $591.56 | | | Regular Payment Due | | $10,056.52 | | | | | | $73,046.76 | $0.00 | $0.00 | $946.35 | $1,120.00 |
| 02/12/2013 | | | $319.35 | Escrow Disbursement: Hazard Insurance | | $10,648.08 | | | | | | $73,046.76 | $0.00 | $0.00 | $627.00 | $1,120.00 |
| 03/01/2013 | $591.56 | | | Regular Payment Due | | $11,239.64 | | | | | | $73,046.76 | $0.00 | $0.00 | $627.00 | $1,120.00 |
| 04/01/2013 | $591.56 | | | Regular Payment Due | | $11,239.64 | | | | | | $73,046.76 | $0.00 | $0.00 | $627.00 | $1,120.00 |
| 04/25/2013 | | | $627.00 | Escrow Disbursement: County Tax | | $11,831.20 | | | | | | $73,046.76 | $0.00 | $0.00 | $0.00 | $1,120.00 |
| 05/01/2013 | $591.56 | | | Regular Payment Due | | $11,831.20 | | | | | | $73,046.76 | $0.00 | $0.00 | $0.00 | $1,120.00 |
| 05/29/2013 | | | $4,516.94 | Escrow Disbursement: Tax Penalty | | $12,422.76 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,516.94) | $1,120.00 |
| 06/01/2013 | $591.56 | | | Regular Payment Due | | $13,014.32 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,516.94) | $1,120.00 |
| 07/01/2013 | $591.56 | | | Regular Payment Due | | $13,605.88 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,516.94) | $1,120.00 |
| 08/01/2013 | $591.56 | | | Regular Payment Due | | $14,197.44 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,516.94) | $1,120.00 |
| 09/01/2013 | $591.56 | | | Regular Payment Due | | $14,197.44 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,516.94) | $1,120.00 |
| 08/17/2013 | | | $180.00 | Escrow Disbursement: Hazard Insurance | | $14,789.00 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,705.94) | $1,120.00 |
| 10/01/2013 | $591.56 | | | Regular Payment Due | | $14,789.00 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,705.94) | $1,120.00 |
| 10/04/2013 | | | $42.25 | Escrow Disbursement: Hazard Insurance | | $14,789.00 | | | | | | $73,046.76 | $0.00 | $0.00 | ($4,753.19) | $1,120.00 |
| 10/17/2013 | | | $597.00 | Escrow Disbursement: County Tax | | $14,789.00 | | | | | | $73,046.76 | $0.00 | $0.00 | ($5,350.19) | $1,120.00 |

5420-N-1248

(12/15)

# Mortgage Proof of Claim Attachment

Case number: 16-10777-REG

Debtor 1: William R. Moyer

## Part 5: Loan Payment History from First Date of Default

| A Date | B Contractual payment amount | C Funds received | D Amount incurred | E Description | F Contractual due date | G Prin, int & esc past due balance | H Amount to principal | I Amount to interest | J Amount to escrow | K Amount to fees or charges | L Unapplied funds | M Principal balance | N Accrued interest balance | O Escrow balance | P Fees / Charges balance | Q Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/01/2013 | $591.56 | | | Regular Payment Due | | $15,380.56 | | | | | | $73,046.76 | $0.00 | ($5,350.19) | $0.00 | $1,120.00 |
| 11/05/2013 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $15,380.56 | | | | | | $73,046.76 | $0.00 | ($5,397.44) | $0.00 | $1,120.00 |
| 12/01/2013 | $591.56 | | | Regular Payment Due | | $15,972.12 | | | | | | $73,046.76 | $0.00 | ($5,397.44) | $0.00 | $1,120.00 |
| 12/04/2013 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $15,972.12 | | | | | | $73,046.76 | $0.00 | ($5,444.69) | $0.00 | $1,120.00 |
| 01/01/2014 | $591.56 | | | Regular Payment Due | | $16,563.68 | | | | | | $73,046.76 | $0.00 | ($5,444.69) | $0.00 | $1,120.00 |
| 01/06/2014 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $16,563.68 | | | | | | $73,046.76 | $0.00 | ($5,491.94) | $0.00 | $1,120.00 |
| 02/01/2014 | $591.56 | | | Regular Payment Due | | $17,155.24 | | | | | | $73,046.76 | $0.00 | ($5,491.94) | $0.00 | $1,120.00 |
| 02/04/2014 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $17,155.24 | | | | | | $73,046.76 | $0.00 | ($5,539.19) | $0.00 | $1,120.00 |
| 03/01/2014 | $591.56 | | | Regular Payment Due | | $17,746.80 | | | | | | $73,046.76 | $0.00 | ($5,539.19) | $0.00 | $1,120.00 |
| 03/04/2014 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $17,746.80 | | | | | | $73,046.76 | $0.00 | ($5,586.44) | $0.00 | $1,120.00 |
| 04/01/2014 | $591.56 | | | Regular Payment Due | | $18,338.36 | | | | | | $73,046.76 | $0.00 | ($5,586.44) | $0.00 | $1,120.00 |
| 04/04/2014 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $18,338.36 | | | | | | $73,046.76 | $0.00 | ($5,633.69) | $0.00 | $1,120.00 |
| 04/21/2014 | | | $626.00 | Escrow Disbursement County Tax | | $18,338.36 | | | | | | $73,046.76 | $0.00 | ($6,259.69) | $0.00 | $1,120.00 |
| 05/01/2014 | $591.56 | | | Regular Payment Due | | $18,929.92 | | | | | | $73,046.76 | $0.00 | ($6,259.69) | $0.00 | $1,120.00 |
| 05/06/2014 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $18,929.92 | | | | | | $73,046.76 | $0.00 | ($6,306.94) | $0.00 | $1,120.00 |
| 06/01/2014 | $591.56 | | | Regular Payment Due | | $19,521.48 | | | | | | $73,046.76 | $0.00 | ($6,306.94) | $0.00 | $1,120.00 |
| 06/04/2014 | | | $47.25 | Escrow Disbursement Hazard Insurance | | $19,521.48 | | | | | | $73,046.76 | $0.00 | ($6,354.19) | $0.00 | $1,120.00 |
| 07/01/2014 | $591.56 | | | Regular Payment Due | | $20,113.04 | | | | | | $73,046.76 | $0.00 | ($6,354.19) | $0.00 | $1,120.00 |
| 07/25/2014 | | | $11.50 | Inspection Fee | | $20,113.04 | | | | | | $73,046.76 | $0.00 | ($6,354.19) | $0.00 | $1,131.50 |
| 07/25/2014 | $1.57 | | | Payment Applied | | $20,113.04 | | | | $1.57 | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,131.50 |
| 08/01/2014 | $591.56 | | | Regular Payment Due | | $20,704.60 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,131.50 |
| 08/26/2014 | | | $11.50 | Inspection Fee | | $20,704.60 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,143.00 |
| 09/01/2014 | $591.56 | | | Regular Payment Due | | $21,296.16 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,143.00 |
| 09/16/2014 | | | $29.58 | Late Fee | | $21,296.16 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,172.58 |
| 10/01/2014 | $591.56 | | | Regular Payment Due | | $21,887.72 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,172.58 |
| 10/10/2014 | | | $11.50 | Inspection Fee | | $21,887.72 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,184.08 |
| 10/16/2014 | | | $29.58 | Late Fee | | $21,887.72 | | | | | | $73,046.76 | $0.00 | ($6,352.62) | $0.00 | $1,213.66 |
| 10/20/2014 | | | $596.00 | Escrow Disbursement County Tax | | $21,887.72 | | | | | | $73,046.76 | $0.00 | ($6,948.62) | $0.00 | $1,213.66 |

(12/15)

# Mortgage Proof of Claim Attachment: Additional Page 4

Case number: 16-10077-REG

Debtor 1: William R. Moyer

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/31/2014 | | | $11.50 | Inspection Fee | | $21,887.72 | | | | | | $73,046.76 | $0.00 | ($6,948.62) | $1,225.16 | $64.86 |
| 10/17/2014 | $591.56 | | | Regular Payment Due | | $22,479.28 | | | | | | $73,046.76 | $0.00 | ($6,948.62) | $1,225.16 | $64.86 |
| 10/17/2014 | | | $172.75 | Escrow Disbursement Hazard Insurance | | $22,479.28 | | | | | | $73,046.76 | $0.00 | ($7,121.37) | $1,225.16 | $64.86 |
| 11/17/2014 | | | $29.58 | Late Fee | | $22,479.28 | | | | | | $73,046.76 | $0.00 | ($7,121.37) | $1,254.74 | $64.86 |
| 11/17/2014 | | | $11.50 | Inspection Fee | | $22,479.28 | | | | | | $73,046.76 | $0.00 | ($7,121.37) | $1,266.24 | $64.86 |
| 11/28/2014 | $591.56 | | | Regular Payment Due | | $23,070.84 | | | | | | $73,046.76 | $0.00 | ($7,121.37) | $1,266.24 | $64.86 |
| 12/01/2014 | | | $34.55 | Escrow Disbursement Hazard Insurance | | $23,070.84 | | | | | | $73,046.76 | $0.00 | ($7,155.92) | $1,266.24 | $64.86 |
| 12/08/2014 | | | $29.58 | Late Fee | | $23,070.84 | | | | | | $73,046.76 | $0.00 | ($7,155.92) | $1,295.82 | $64.86 |
| 12/16/2014 | $591.56 | | | Regular Payment Due | | $23,662.40 | | | | | | $73,046.76 | $0.00 | ($7,155.92) | $1,295.82 | $64.86 |
| 01/01/2015 | | | $11.50 | Inspector Fee | | $23,662.40 | | | | | | $73,046.76 | $0.00 | ($7,155.92) | $1,307.32 | $64.86 |
| 01/09/2015 | | | $34.55 | Escrow Disbursement Hazard Insurance | | $23,662.40 | | | | | | $73,046.76 | $0.00 | ($7,190.47) | $1,307.32 | $64.86 |
| 01/12/2015 | | | $29.58 | Late Fee | | $23,662.40 | | | | | | $73,046.76 | $0.00 | ($7,190.47) | $1,336.90 | $64.86 |
| 01/16/2015 | | | $11.50 | Inspection Fee | | $23,662.40 | | | | | | $73,046.76 | $0.00 | ($7,190.47) | $1,348.40 | $64.86 |
| 01/30/2015 | $591.56 | | | Regular Payment Due | | $24,253.96 | | | | | | $73,046.76 | $0.00 | ($7,190.47) | $1,348.40 | $64.86 |
| 02/01/2015 | | | $29.58 | Late Fee | | $24,253.96 | | | | | | $73,046.76 | $0.00 | ($7,190.47) | $1,377.98 | $64.86 |
| 02/16/2015 | | | $34.55 | Escrow Disbursement Hazard Insurance | | $24,253.96 | | | | | | $73,046.76 | $0.00 | ($7,225.02) | $1,377.98 | $64.86 |
| 02/20/2015 | | | $11.50 | Inspection Fee | | $24,253.96 | | | | | | $73,046.76 | $0.00 | ($7,225.02) | $1,389.48 | $64.86 |
| 02/27/2015 | $591.56 | | | Regular Payment Due | | $24,845.52 | | | | | | $73,046.76 | $0.00 | ($7,225.02) | $1,389.48 | $64.86 |
| 03/01/2015 | | | $29.58 | Late Fee | | $24,845.52 | | | | | | $73,046.76 | $0.00 | ($7,225.02) | $1,419.06 | $64.86 |
| 03/03/2015 | | $663.85 | | Inspector Fee | | $24,845.52 | | | | | | $73,046.76 | $0.00 | ($7,225.02) | $1,430.56 | $64.86 |
| 03/03/2015 | | $663.85 | | Payment Applied | | $24,845.52 | | | $863.85 | | | $73,046.76 | $0.00 | ($6,361.17) | $1,430.56 | $64.86 |
| 03/16/2015 | | | $29.58 | Late Fee | | $24,845.52 | | | | | | $73,046.76 | $0.00 | ($6,361.17) | $1,419.06 | $64.86 |
| 03/26/2015 | | | $11.50 | Inspection Fee | | $24,845.52 | | | | | | $73,046.76 | $0.00 | ($6,361.17) | $1,430.56 | $64.86 |
| 03/30/2015 | | | $1,923.00 | Escrow Disbursement Hazard Insurance | | $25,437.08 | | | | | | $73,046.76 | $0.00 | ($8,284.17) | $1,430.56 | $64.86 |
| 04/01/2015 | $591.56 | | | Regular Payment Due | | $25,437.08 | | | | | | $73,046.76 | $0.00 | ($8,284.17) | $1,430.56 | $64.86 |
| 04/15/2015 | | | $600.51 | Escrow Disbursement County Tax | | $25,437.08 | | | | | | $73,046.76 | $0.00 | ($8,884.68) | $1,430.56 | $64.86 |
| 04/20/2015 | | | $105.50 | BPO/Appraisal Fee | | $25,437.08 | | | | | | $73,046.76 | $0.00 | ($8,884.68) | $1,535.56 | $64.86 |
| 04/24/2015 | | | $14.00 | Foreclosure Costs | | $25,437.08 | | | | | | $73,046.76 | $0.00 | ($8,884.68) | $1,549.56 | $64.86 |
| 04/29/2015 | | | $11.50 | Inspection Fee | | $25,437.08 | | | | | | $73,046.76 | $0.00 | ($8,884.68) | $1,561.06 | $64.86 |
| 05/01/2015 | $591.56 | | | Regular Payment Due | | $26,028.64 | | | | | | $73,046.76 | $0.00 | ($8,884.68) | $1,561.06 | $64.86 |

S420-N-1248

Case 16-10077-reg   Additional Page 1 of 2   Claim 7   Filed 05/23/16   Page 8 of 10

(12/15)

# Mortgage Proof of Claim Attachment

Case number: 16-10077-REG

Debtor 1: William R. Moyer

## Part 5: Loan Payment History from First Date of Default

| A Date | B Contractual payment amount | Account Activity C Funds received | Account Activity D Amount incurred | E Description | F Contractual due date | G. Prin, int, & esc past due balance | How Funds Were Applied / Amount incurred H Amount to principal | I Amount to interest | J Amount to escrow | K Amount to fees or charges | L Unapplied funds | Balance After Amount Received or incurred M Principal balance | N Accrued interest balance | O Escrow balance | P Fees / Charges balance | Q Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/11/2015 | | | $11.14 | Escrow Disbursement: Hazard Insurance | | $26,028.64 | | | | | | $73,046.76 | | ($8,895.82) | $1,561.06 | $64.95 |
| 06/01/2015 | $591.56 | | | Regular Payment Due | | $26,620.20 | | | | | | $73,046.76 | | ($8,895.82) | $1,561.06 | $64.95 |
| 06/04/2015 | | | $11.50 | Inspection Fee | | $26,620.20 | | | | | | $73,046.76 | | ($8,895.82) | $1,572.56 | $64.95 |
| 06/16/2015 | | | $29.58 | Late Fee | | $26,620.20 | | | | | | $73,046.76 | | ($8,895.82) | $1,602.14 | $64.95 |
| 06/16/2015 | | | $11.50 | Inspection Fee | | $26,620.20 | | | | | | $73,046.76 | | ($8,895.82) | $1,613.64 | $64.95 |
| 07/01/2015 | $591.56 | | | Regular Payment Due | | $27,211.76 | | | | | | $73,046.76 | | ($8,895.82) | $1,613.64 | $64.95 |
| 07/16/2015 | | | $29.58 | Late Fee | | $27,211.76 | | | | | | $73,046.76 | | ($8,895.82) | $1,643.22 | $64.95 |
| 07/28/2015 | | | $11.50 | Inspection Fee | | $27,211.76 | | | | | | $73,046.76 | | ($8,895.82) | $1,654.72 | $64.95 |
| 08/01/2015 | $591.56 | | | Regular Payment Due | | $27,803.32 | | | | | | $73,046.76 | | ($8,895.82) | $1,654.72 | $64.95 |
| 08/17/2015 | | | $29.58 | Late Fee | | $27,803.32 | | | | | | $73,046.76 | | ($8,895.82) | $1,684.30 | $64.95 |
| 08/21/2015 | | | $103.65 | Escrow Disbursement: Hazard Insurance | | $27,803.32 | | | | | | $73,046.76 | | ($8,999.47) | $1,684.30 | $64.95 |
| 08/27/2015 | | | $11.50 | Inspection Fee | | $27,803.32 | | | | | | $73,046.76 | | ($8,999.47) | $1,695.80 | $64.95 |
| 09/01/2015 | $591.56 | | | Regular Payment Due | | $28,394.88 | | | | | | $73,046.76 | | ($8,999.47) | $1,695.80 | $64.95 |
| 09/03/2015 | | | $34.55 | Escrow Disbursement: Hazard Insurance | | $28,394.88 | | | | | | $73,046.76 | | ($9,034.02) | $1,695.80 | $64.95 |
| 09/16/2015 | | | $29.58 | Late Fee | | $28,394.88 | | | | | | $73,046.76 | | ($9,034.02) | $1,725.38 | $64.95 |
| 09/30/2015 | | | $11.50 | Inspection Fee | | $28,394.88 | | | | | | $73,046.76 | | ($9,034.02) | $1,736.88 | $64.95 |
| 10/01/2015 | $591.56 | | | Regular Payment Due | | $28,986.44 | | | | | | $73,046.76 | | ($9,034.02) | $1,736.88 | $64.95 |
| 10/08/2015 | | | $34.55 | Escrow Disbursement: Hazard Insurance | | $28,986.44 | | | | | | $73,046.76 | | ($9,068.57) | $1,736.88 | $64.95 |
| 10/16/2015 | | | $29.58 | Late Fee | | $28,986.44 | | | | | | $73,046.76 | | ($9,068.57) | $1,766.46 | $64.95 |
| 10/19/2015 | | | $570.51 | Escrow Disbursement: County Tax | | $28,986.44 | | | | | | $73,046.76 | | ($9,639.08) | $1,766.46 | $64.95 |
| 10/28/2015 | | $1.15 | | Payment Applied | | $28,986.44 | | | | $1.15 | | $73,046.76 | | ($9,637.93) | $1,766.46 | $64.95 |
| 10/28/2015 | | | $11.50 | Inspection Fee | | $28,986.44 | | | | | | $73,046.76 | | ($9,637.93) | $1,777.96 | $64.95 |
| 10/29/2015 | | | $1,686.86 | Escrow Disbursement: Hazard Insurance | | $28,986.44 | | | | | | $73,046.76 | | ($11,324.82) | $1,777.96 | $64.95 |
| 11/01/2015 | $591.56 | | | Regular Payment Due | | $29,578.00 | | | | | | $73,046.76 | | ($11,324.82) | $1,777.96 | $64.95 |
| 11/30/2015 | | | $11.50 | Inspection Fee | | $29,578.00 | | | | | | $73,046.76 | | ($11,324.82) | $1,789.46 | $64.95 |
| 12/01/2015 | $591.56 | | | Regular Payment Due | | $30,169.56 | | | | | | $73,046.76 | | ($11,324.82) | $1,789.46 | $64.95 |
| 12/30/2015 | | | $11.50 | Inspection Fee | | $30,169.56 | | | | | | $73,046.76 | | ($11,324.82) | $1,800.96 | $64.95 |
| 01/01/2016 | $591.56 | | | Regular Payment Due | | $30,761.12 | | | | | | $73,046.76 | | ($11,324.82) | $1,800.96 | $64.95 |

(12/15)

# Mortgage Proof of Claim Attachment: Additional Page

Case number: 16-10077-REG

Debtor 1: William R. Moyer

## Part 5: Loan Payment History from First Date of Default

| A Date | B Contractual payment amount | Account Activity | | | F Contractual due date | G Prin, int & esc past due balance | How Funds Were Applied / Amount Incurred | | | | | Balance After Amount Received or incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | C Funds received | D Amount incurred | E Description | | | H Amount to principal | I Amount to interest | J Amount to escrow | K Amount to fees or charges | L Unapplied funds | M Principal balance | N Accrued interest balance | O Escrow balance | P Fees / Charges balance | Q Unapplied funds balance |
| 01/18/2016 | | | | $29.58 Late Fee | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $1,830.54 | $64.96 |
| 01/25/2016 | | | | Petition Date | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $1,830.54 | $0.00 |
| 01/25/2016 | | | | ($1,120.00) Corporate Advance Adjustment | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $710.54 | $0.00 |
| 01/25/2016 | | | | ($34.50) Inspection Fee Adjustment | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $676.04 | $0.00 |
| 03/16/2016 | | | | $10.00 Sale Cost | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $686.04 | $0.00 |
| 03/16/2016 | | | | $242.04 Sale Cost | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $928.08 | $0.00 |
| 03/16/2016 | | | | $200.00 Sale Cost | | $30,761.12 | | | | | | $73,046.76 | $0.00 | ($11,324.82) | $1,128.08 | $0.00 |

S420-N-1248

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | William R. Moyer |
| Debtor 2 (Spouse, if filing) | Jennifer L. Moyer |
| United States Bankruptcy Court for the: | Northern  District of  Indiana (State) |
| Case number | 16-10077-REG |

# Mortgage Proof of Claim Attachment: Addendum

Additional Claim Itemization:

| Loan History Date | Actual Date Incurred | Description | Amount |
|---|---|---|---|
| 03/16/2016 | 01/25/2016 | Sale Cost | $10.00 |
| 03/16/2016 | 01/04/2016 | Sale Cost | $242.04 |
| 03/16/2016 | 10/30/2015 | Sale Cost | $200.00 |
| | | | |

DISBURSEMENTS

Rushmore Loan Management Services
P.O. Box 55004
Irvine, CA 92619

| COUNTY TAX | $1,141.02 |
| HAZARD INS | $1,661.89 |

**ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT
AND CHANGE OF PAYMENT NOTICE PREPARED FOR:**

Analysis Date: 01/27/2016

WILLIAM  R  MOYER
JENNIFER  L  MOYER
1535 HENRY ST
HUNTINGTON  IN  46750

**NEW MONTHLY PAYMENT IS AS FOLLOWS:**

| | |
|---|---|
| Principal and Interest | $591.56 |
| Required Escrow Payment | $233.58 |
| Shortage/Surplus Spread | $.00 |
| Optional Program Payment | $.00 |
| Buydown or Assistance Payments | $.00 |
| Other | $.00 |
| **TOTAL MONTHLY PAYMENT** | $825.14 |
| **NEW PAYMENT EFFECTIVE DATE:** | 02/01/2016 |

Rushmore Loan Management Services has completed an analysis of your escrow account. We have adjusted your mortgage payment to reflect changes in your real estate taxes and/or property insurance. The escrow items to be disbursed from your account are itemized above. If you have questions regarding this analysis, please write to our Customer Service Department at Rushmore Loan Management Services, P.O. Box 55004, Irvine, CA 92619, or call toll-free 1-888-504-6700.

In the event you utilize a third party to remit your payments, please inform them of the effective date of any change in your payment.

### ANNUAL ESCROW ACCOUNT PROJECTION FOR THE COMING YEAR

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made from your account.

| MONTH | PAYMENTS TO ESCROW ACCOUNT | MIP/PMI | TAXES | FLOOD | HAZ INS | SPECIAL | PROJECTED | REQUIRED |
|---|---|---|---|---|---|---|---|---|
| STARTING BALANCE | | | | | | | $1731.34 | $700.69 |
| FEB | $233.58 | | | | | | $1964.92 | $934.27 |
| MAR | $233.58 | | | | | | $2198.50 | $1167.85 |
| APR | $233.58 | | $570.51 | | | | $1861.57 | $830.92 |
| MAY | $233.58 | | | | | | $2095.15 | $1064.50 |
| JUN | $233.58 | | | | | | $2328.73 | $1298.08 |
| JUL | $233.58 | | | | | | $2562.31 | $1531.66 |
| AUG | $233.58 | | | | | | $2795.89 | $1765.24 |
| SEP | $233.58 | | | | | | $3029.47 | $1998.82 |
| OCT | $233.58 | | $570.51 | | $1,661.89 | | $1030.65 | $0.00 * |
| NOV | $233.58 | | | | | | $1264.23 | $233.58 |
| DEC | $233.58 | | | | | | $1497.81 | $467.16 |
| JAN | $233.58 | | | | | | $1731.39 | $700.74 |

*Indicates a projected low point of  $1,030.65 .  Under your mortgage contract, state or federal law, your lowest monthly balance should not exceed       $.00.  The difference  between  your projected  low point and the amount required  is  $1,030.65. This is your surplus.

If you are a borrower on this loan and have filed for bankruptcy protection, this statement is for informational purposes only and is not attempting any act to collect, recover or offset any discharged debt as your personal liability.

Please keep this statement for comparison with the actual activity in your account at the end of the next escrow accounting computation year.

NAME: WILLIAM  R MOYER

SURPLUS  AMOUNT:      $1,030.65

IF THERE ARE ENOUGH FUNDS IN YOUR ACCOUNT  TO DISBURSE THE PROJECTED OVERAGE AND YOUR ACCOUNT IS CURRENT, THEN YOUR REFUND WILL BE MAILED TO YOU WITHIN 30 DAYS.

Name:  WILLIAM  R MOYER

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT - ACCOUNT HISTORY

This is a statement of actual activity in your escrow account from 07/2014 through 01/2016. Last year's projections are next to the actual activity. Your most recent mortgage payment was $842.64 of which $251.08 went to your escrow account and the remainder of $591.56 went towards your mortgage loan. An asterisk (*) indicates a difference between a projected disbursement and actual activity.

| MONTH | PAYMENTS TO ESCROW ACCOUNT | | PAYMENTS FROM ESCROW ACCOUNT | | DESCRIPTION | ESCROW BALANCE COMPARISON | |
|---|---|---|---|---|---|---|---|
| | PROJECTED | ACTUAL | PROJECTED | ACTUAL | | PROJECTED | ACTUAL |
| STARTING BAL. | | | | | | $0.00 | $5490.34- |
| JUL | | $1.57* | | | | $0.00 | $5488.77- |
| OCT | | | | $540.50* | COUNTY/PARIS | $0.00 | $6029.27- |
| OCT | | | | $55.50* | COUNTY TAX | $0.00 | $6084.77- |
| NOV | | | | $172.75* | HAZARD INS. | $0.00 | $6257.52- |
| DEC | | | | $34.55* | HAZARD INS. | $0.00 | $6292.07- |
| JAN | | | | $34.55* | HAZARD INS. | $0.00 | $6326.62- |
| FEB | | | | $34.55* | HAZARD INS. | $0.00 | $6361.17- |
| MAR | | | | $1923.00* | HAZARD INS. | $0.00 | $8284.17- |
| APR | | | | $530.01* | COUNTY/PARIS | $0.00 | $8814.18- |
| APR | | | | $70.50* | COUNTY TAX | $0.00 | $8884.68- |
| MAY | | | | $11.14* | HAZARD INS. | $0.00 | $8895.82- |
| AUG | | | | $103.65* | HAZARD INS. | $0.00 | $8999.47- |
| SEP | | | | $34.55* | HAZARD INS. | $0.00 | $9034.02- |
| OCT | | $1.15* | | $515.01* | COUNTY/PARIS | $0.00 | $9547.88- |
| OCT | | | | $55.50* | COUNTY TAX | $0.00 | $9603.38- |
| OCT | | | | $1686.89* | HAZARD INS. | $0.00 | $11290.27- |
| OCT | | | | $34.55* | HAZARD INS. | $0.00 | $11324.82- |
| JAN | | $13056.16* | | | | $0.00 | $1731.34 |

OVER THIS PERIOD, AN ADDITIONAL   $.00  WAS  DEPOSITED INTO YOUR ESCROW ACCOUNT FOR INTEREST ON ESCROW.

Your actual lowest monthly balance was less than  $.00. The items with an asterisk on your account history may explain this, if you would like a further explanation, please call our toll-free number: 1-888-504-6700.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | William R. Moyer |
| Debtor 2 (Spouse, if filing) | Jennifer L. Moyer |
| United States Bankruptcy Court for the: | Northern District of Indiana (State) |
| Case number | 16-10077-REG |


TRUSTEE
EXHIBIT
3
Blumberg No. 5155

## Official Form 410S1

# Notice of Mortgage Payment Change                  12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

| | | |
|---|---|---|
| **Name of creditor:** | Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan Trust, Series 2016-1 As Serviced by Rushmore Loan Management Services LLC | **Court claim no.** (if known): ___7-1___ |

**Last four digits** of any number you use to identify the debtor's account: ___1984___

**Date of payment change:** Must be at least 21 days after date of this notice ___03/01/2017___

**New total payment:** Principal, interest, and escrow, if any ___$859.77___

---

**Part 1:    Escrow Account Payment Adjustment**

1. **Will there be a change in the debtor's escrow account payment?**

   ☐ No
   ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   | Current escrow payment: $233.58 | New escrow payment: $268.21 |
   |---|---|

---

**Part 2:    Mortgage Payment Adjustment**

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☒ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   | Current interest rate: _____ % | New interest rate: _____ % |
   |---|---|
   | Current principal and interest payment $_____ | New principal and interest payment: $_____ |

---

**Part 3:    Other Payment Change**

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☒ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _____

   | Current mortgage payment: $_____ | New mortgage payment: $_____ |
   |---|---|

---

| Debtor 1 | | William R. Moyer | | Case Number *(if known)* | 16-10077-REG |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 4:** **Sign Here**

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐    I am the creditor.

☒    I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

**x** /s/ John J. Rafferty      Date    01/26/2017

      Signature

Print:    John J. Rafferty                 Title    Authorized Agent for Rushmore Loan
         First Name    Middle Name    Last Name                Management Services LLC

Company    Buckley Madole, P.C.

Address    14841 Dallas Parkway, Suite 300
         Number       Street

         Dallas, Texas   75254
         City        State       Zip Code

Contact phone    (972) 643-6600      Email    POCInquiries@BuckleyMadole.com

### CERTIFICATE OF SERVICE OF NOTICE OF MORTGAGE PAYMENT CHANGE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties in interest on or before January 27, 2017 via electronic notice unless otherwise stated:

**Debtor**          *Via U.S. Mail*
William R. Moyer
1535 Henry St
Huntington, Indiana 46750

**Co-Debtor**          *Via U.S. Mail*
Jennifer L. Moyer
1535 Henry St
Huntington Indiana 46750

**Debtors' Attorney**
Jeffrey S Arnold
Attorney at Law
209 W Van Buren Street
Columbia City, Indiana  46725

**Chapter 13 Trustee**
Debra L. Miller
P.O. Box 11550
South Bend, Indiana 46634

                                        Respectfully Submitted,

                                        /s/  John J. Rafferty

5420-N-1248



ANNUAL ESCROW ACCOUNT DISBURSEMENTS

| | |
|---|---|
| COUNTY TAX | $1,310.00 |
| HAZARD INS | $1,908.44 |

ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT
AND CHANGE OF PAYMENT NOTICE PREPARED FOR:

Loan Number:
Analysis Date: 12/23/2016

WILLIAM R MOYER
JENNIFER L MOYER
1535 HENRY ST
HUNTINGTON IN 46750

NEW MONTHLY PAYMENT IS AS FOLLOWS:

| | |
|---|---|
| Principal and Interest | $591.56 |
| Required Escrow Payment | $268.21 |
| Shortage/Surplus Spread | $.00 |
| Optional Program Payment | $.00 |
| Buydown or Assistance Payments | $.00 |
| Other | $.00 |
| **TOTAL MONTHLY PAYMENT** | **$859.77** |
| NEW PAYMENT EFFECTIVE DATE | 03/01/2017 |

FOR BORROWERS IN BANKRUPTCY OR BORROWERS WHOSE DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS IS AN INFORMATIONAL STATEMENT AND IT IS NOT AN ATTEMPT TO COLLECT A DEBT. PLEASE NOTE THAT EVEN IF YOUR DEBT HAS BEEN DISCHARGED IN BANKRUPTCY AND YOU ARE NO LONGER PERSONALLY LIABLE ON THE DEBT, THE LENDER MAY, IN ACCORDANCE WITH APPLICABLE LAW, PURSUE ITS RIGHTS TO FORECLOSE ON THE PROPERTY SECURING THE DEBT.

Rushmore Loan Management Services has completed an analysis of the escrow account. We have adjusted the mortgage payment to reflect changes in the real estate taxes and/or property insurance. The escrow items to be disbursed from the account are itemized above. If you have questions regarding this analysis, please write to our Customer Service Department at Rushmore Loan Management Services, P.O. Box 55004, Irvine, CA 92619, or call toll-free 1-888-504-6700.

In the event you utilize a third party to remit your payments, please inform them of the effective date of any change in your payment.

ANNUAL ESCROW ACCOUNT PROJECTION FOR THE COMING YEAR

This is an estimate of activity in the escrow account during the coming year based on payments anticipated to be made from the account.

| MONTH | PAYMENTS TO ESCROW ACCOUNT | PAYMENTS FROM ESCROW ACCOUNT | | | | | ESCROW ACCOUNT BALANCE | |
|---|---|---|---|---|---|---|---|---|
| | | MIP/PMI | TAXES | FLOOD | HAZ INS | SPECIAL | PROJECTED | REQUIRED |
| STARTING BALANCE | | | | | | | $1519.44 | $1072.76 |
| MAR | $268.21 | | | | | | $1787.65 | $1340.97 |
| APR | $268.21 | | $655.00 | | | | $1400.86 | $954.18 |
| MAY | $268.21 | | | | | | $1669.07 | $1222.39 |
| JUN | $268.21 | | | | | | $1937.28 | $1490.60 |
| JUL | $268.21 | | | | | | $2205.49 | $1758.81 |
| AUG | $268.21 | | | | | | $2473.70 | $2027.02 |
| SEP | $268.21 | | | | | | $2741.91 | $2295.23 |
| OCT | $268.21 | | $655.00 | | $1,908.44 | | $446.68 | $.00 * |
| NOV | $268.21 | | | | | | $714.89 | $268.21 |
| DEC | $268.21 | | | | | | $983.10 | $536.42 |
| JAN | $268.21 | | | | | | $1251.31 | $804.63 |
| FEB | $268.21 | | | | | | $1519.52 | $1072.84 |

*Indicates a projected low point of $446.68. Under the mortgage contract, state or federal law the lowest monthly balance should not exceed $.00. The difference between the projected low point and the amount required is $12,472.19. This is the surplus.

Please keep this statement for comparison with the actual activity in your account at the end of the next escrow accounting computation year.

IF THIS ESCROW ANALYSIS INDICATES THAT THERE IS A SURPLUS, IT MAY NOT MEAN THAT YOU ARE ENTITLED TO RECEIVE A RETURN OF THAT SURPLUS. THIS ANALYSIS WAS CALCULATED BASED ON AN ASSUMPTION THAT THE ACCOUNT IS CURRENT ACCORDING TO THE TERMS OF THE NOTE AND MORTGAGE/DEED OF TRUST. IF THE ACCOUNT IS BEHIND, IN DEFAULT, OR IN BANKRUPTCY, THIS ANALYSIS MAY NOT REFLECT THE CURRENT STATE OF THE ACCOUNT OR THE TERMS OF A BANKRUPTCY PLAN. IF THERE ARE ENOUGH FUNDS IN THE ESCROW ACCOUNT AND THE SURPLUS IS $50 OR GREATER, THAT SURPLUS WILL BE MAILED TO YOU WITHIN 30 DAYS, PROVIDED THE ACCOUNT IS CURRENT UNDER THE TERMS OF THE NOTE AND MORTGAGE/DEED OF TRUST.

LOAN NUMBER:

NAME: WILLIAM R MOYER

SURPLUS AMOUNT: $12,472.19

IF THERE ARE ENOUGH FUNDS IN THE ACCOUNT TO DISBURSE THE PROJECTED OVERAGE AND THE ACCOUNT IS CURRENT, THEN THE REFUND WILL BE MAILED TO YOU WITHIN 30 DAYS.

Loan Number

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT - ACCOUNT HISTORY

This is a statement of actual activity in the escrow account from 02/2016 through 02/2017. Last year's projections are next to the actual activity. The most recent mortgage payment was $842.64 of which $251.08 went to the escrow account and the remainder of $591.56 went towards the mortgage loan. An asterisk (*) indicates a difference between a projected disbursement and actual activity.

| MONTH | PAYMENTS TO ESCROW ACCOUNT | | PAYMENTS FROM ESCROW ACCOUNT | | DESCRIPTION | ESCROW BALANCE COMPARISON | |
|---|---|---|---|---|---|---|---|
| | PROJECTED | ACTUAL | PROJECTED | ACTUAL | | PROJECTED | ACTUAL |
| STARTING BAL. | | | | | | $700.69 | $11324.82- |
| FEB | $233.58 | * | | | | $934.27 | $11324.82- |
| MAR | $233.58 | * | | | | $1167.85 | $11324.82- |
| APR | $233.58 | * | $515.01 | $601.00* | COUNTY/PARIS | $886.42 | $11925.82- |
| APR | | | $55.50 | $84.00* | COUNTY TAX | $830.92 | $12009.82- |
| MAY | $233.58 | * | | | | $1064.50 | $12009.82- |
| JUN | $233.58 | $1004.32* | | | | $1298.08 | $11005.50- |
| JUL | $233.58 | $502.16* | | | | $1531.66 | $10503.34- |
| AUG | $233.58 | $502.16* | | | | $1765.24 | $10001.18- |
| SEP | $233.58 | $751.24* | | $1908.44* | HAZARD INS. | $1998.82 | $11156.38- |
| OCT | $233.58 | $502.16* | $515.01 | $586.00* | COUNTY/PARIS | $1717.39 | $11240.22- |
| OCT | | | $55.50 | $69.00* | COUNTY TAX | $1661.69 | $11309.22- |
| OCT | | | $1661.85 | * | HAZARD INS. | $0.00 | $11309.22- |
| NOV | $233.58 | $751.24* | | | | $233.58 | $10555.98- |
| DEC | $233.58 | $11608.26* | | | | $467.16 | $1052.29 |
| JAN | $233.58 | $233.58 | | | | $700.74 | $1285.86 |
| FEB | | $233.58* | | | | $700.74 | $1519.44 |

Last year we anticipated that payments from the escrow account would be made during this period totaling $2,802.91. The lowest monthly balance should not have exceeded $.00 the lowest amount required by the mortgage contract, state or federal law.

OVER THIS PERIOD AN ADDITIONAL $.00 WAS DEPOSITED INTO THE ESCROW ACCOUNT FOR INTEREST ON ESCROW

The actual lowest monthly balance was less than $.00. The items with an asterisk on the account history may explain this. If you would like a further explanation please call our toll-free number 1-888-504-6700.

TRUSTEE EXHIBIT
Blumberg No. 5195

**Fill in this information to identify the case:**

Debtor 1 William R. Moyer

Debtor 2 Jennifer L. Moyer
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Indiana

Case number 16-10077-reg

Official Form 410S1

# Notice of Mortgage Payment Change

12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

Name of creditor: U.S. Bank Trust National Association, et al.        Court claim no. (if known): 7

Last 4 digits of any number you use to identify the debtor's account:  2  8  6  9

Date of payment change: 03/01/2018
Must be at least 21 days after date of this notice

New total payment: $ 900.44
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

☐ No
☑ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

Current escrow payment: $ 268.21        New escrow payment: $ 308.88

## Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

☑ No
☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

Current interest rate: _____%        New interest rate: _____%

Current principal and interest payment: $ _____        New principal and interest payment: $ _____

## Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

☑ No
☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change: _____

Current mortgage payment: $ _____        New mortgage payment: $ _____

Case 16-10077-reg   Doc   Filed 01/03/18   Page 2 of 7

| Debtor 1 | William | R. | Moyer | | Case number (if known) | 16-10077-reg |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

---

**Part 4:  Sign Here**

---

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐  I am the creditor.

☑  I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

| **✗ /s/ Megan M. Lynch** | | | Date | 01/03/2018 |
|---|---|---|---|---|
| Signature | | | | |

| Print: | Megan | M. | Lynch | | Title | Bankruptcy Asset Manager |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| Company | SN Servicing Corporation |
|---|---|

| Address | 323 5th Street | |
|---|---|---|
| | Number | Street |

| | Eureka | CA | 95501 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | 800-603-0836 | | Email | bknotices@snsc.com |
|---|---|---|---|---|

SN Servicing Corporation
323 FIFTH STREET
EUREKA, CA 95501
For Inquiries: (800) 603-0836

Analysis Date: December 28, 2017

WILLIAM R MOYER
JENNIFER L MOYER
1535 HENRY ST
HJNTINGTON IN 46750

Property Address:
1535 HENRY STREET
HUNTINGTON, IN 46750

### Annual Escrow Account Disclosure Statement
### Account History

This is a statement of actual activity in your escrow account from Mar 2017 to Feb 2018. Last year's anticipated activity (payments to and from your escrow account) is next to the actual activity.

| Payment Information | Current: | Effective Mar 01, 2018: |
|---|---|---|
| Principal & Interest Pmt: | 591.56 | 591.56 |
| Escrow Payment: | 268.21 | 308.88 |
| Other Funds Payment: | 0.00 | 0.00 |
| Assistance Payment (-): | 0.00 | 0.00 |
| Reserve Acct Payment: | 0.00 | 0.00 |
| Total Payment: | $859.77 | $900.44 |

| Escrow Balance Calculation | |
|---|---|
| Due Date: | Dec 01, 2017 |
| Escrow Balance: | (563.32) |
| Anticipated Pmts to Escrow: | 804.63 |
| Anticipated Pmts from Escrow (-): | 0.00 |
| Anticipated Escrow Balance: | $241.31 |

| Date | Payments to Escrow Anticipated | Payments to Escrow Actual | Payments From Escrow Anticipated | Payments From Escrow Actual | Description | Escrow Balance Required | Escrow Balance Actual |
|---|---|---|---|---|---|---|---|
| | | | | | Starting Balance | 0.00 | 0.00 |
| Mar 2017 | | 251.08 | | * | | 0.00 | 251.08 |
| Mar 2017 | | 251.08 | | * | | 0.00 | 502.16 |
| Mar 2017 | | 251.08 | | * | | 0.00 | 753.24 |
| Mar 2017 | | 251.08 | | * | | 0.00 | 1,004.32 |
| Mar 2017 | | | | 9,802.74 * | | 0.00 | (8,798.42) |
| Apr 2017 | | 502.16 | | * | | 0.00 | (8,296.26) |
| Apr 2017 | | | | 639.99 * | County Tax | 0.00 | (8,936.25) |
| May 2017 | | 502.16 | | * | | 0.00 | (8,434.09) |
| May 2017 | | 251.08 | | * | | 0.00 | (8,183.01) |
| May 2017 | | 9.10 | | * | Escrow Only Payment | 0.00 | (8,173.91) |
| Jun 2017 | | 251.08 | | * | | 0.00 | (7,922.83) |
| Jun 2017 | | 251.08 | | * | | 0.00 | (7,671.75) |
| Jul 2017 | | 251.08 | | * | | 0.00 | (7,420.67) |
| Aug 2017 | | 251.08 | | * | | 0.00 | (7,169.59) |
| Sep 2017 | | 753.24 | | * | | 0.00 | (6,416.35) |
| Sep 2017 | | 251.08 | | * | | 0.00 | (6,165.27) |
| Sep 2017 | | 171.58 | | * | | 0.00 | (5,993.69) |
| Oct 2017 | | 251.08 | | * | | 0.00 | (5,742.61) |
| Oct 2017 | | | | 2,201.02 * | Homeowners Policy | 0.00 | (7,943.63) |
| Oct 2017 | | | | 624.99 * | County Tax | 0.00 | (8,568.62) |
| Nov 2017 | | 251.08 | | * | | 0.00 | (8,317.54) |
| Dec 2017 | | 12,025.51 | | * | Escrow Only Payment | 0.00 | 3,707.97 |
| Dec 2017 | | | | 4,271.29 * | Escrow Only Payment | 0.00 | (563.32) |
| | | | | | Anticipated Transactions | 0.00 | (563.32) |

| | | | | |
|---|---|---|---|---|
| Dec 2017 | | | | (295.11) |
| Jan 2018 | 268.21 | | | (26.90) |
| Feb 2018 | 268.21 | | | 241.31 |
| | $0.00  $17,781.34 | $0.00  $17,540.03 | | |

An asterisk (*) indicates a difference from a previous estimate either in the date or the amount. If you want a further explanation, please call our toll-free number.

Last year, we anticipated that payments from your account would be made during this period equaling $0.00. Under Federal law, your lowest monthly balance should not have exceeded $0.00 or 1/6 of the anticipated payment from the account, unless your mortgage contract or State law specifies a lower amount. Your mortgage contract and State law are silent on this issue.

This shortage may be collected from you over a period of 12 months or more unless the shortage is less than 1 month's deposit, in which case we have the additional option of requesting payment within 30 days. We have decided to collect it over 60 months.

Page 2

For Inquiries: (800) 603-0836

Analysis Date:  December 28, 2017

WILLIAM R MOYER

### Annual Escrow Account Disclosure Statement
### Projections for Coming Year

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made to and from your account.

| Date | Anticipated Payments | | Description | Escrow Balance | |
|------|-----------|-------------|-------------|-------------|----------|
| | To Escrow | From Escrow | | Anticipated | Required |
| | | | Starting Balance | 241.31 | 1,444.20 |
| Mar 2018 | 288.83 | | | 530.14 | 1,733.03 |
| Apr 2018 | 288.83 | | | 818.97 | 2,021.86 |
| May 2018 | 288.83 | 639.99 | County Tax | 467.81 | 1,670.70 |
| Jun 2018 | 288.83 | | | 756.64 | 1,959.53 |
| Jul 2018 | 288.83 | | | 1,045.47 | 2,248.36 |
| Aug 2018 | 288.83 | | | 1,334.30 | 2,537.19 |
| Sep 2018 | 288.83 | | | 1,623.13 | 2,826.02 |
| Oct 2018 | 288.83 | 2,201.02 | Homeowners Policy | (289.06) | 913.83 |
| Nov 2018 | 288.83 | 624.99 | County Tax | (625.22) | 577.67 |
| Dec 2018 | 288.83 | | | (336.39) | 866.50 |
| Jan 2019 | 288.83 | | | (47.56) | 1,155.33 |
| Feb 2019 | 288.83 | | | 241.27 | 1,444.16 |
| | $3,465.96 | $3,466.00 | | | |

(Please keep this statement for comparison with the actual activity in your account at the end of the escrow accounting computation year.)

Your escrow balance contains a cushion of $577.67. A cushion is an additional amount of funds held in your escrow balance to prevent the balance from becoming overdrawn when an increase in the disbursement amount occurs. Under Federal law, your lowest monthly balance should not exceed $577.67 or 1/6 of the anticipated payment from the account, unless your mortgage contract or State law specifies a lower amount. Your mortgage contract and State law are silent on this issue.

Your ending balance from the last month of the account history (escrow balance anticipated) is $241.31. Your starting balance (escrow balance required) according to this analysis should be $1,444.20. This means you have a shortage of $1,202.89. This shortage may be collected from you over a period of 12 months or more unless the shortage is less than 1 month's deposit, in which case we have the additional option of requesting payment within 30 days. We have decided to collect it over 60 months.

We anticipate the total of your coming year bills to be $3,466.00. We divide that amount by the number of payments expected during the coming year to obtain your escrow payment.

| New Escrow Payment Calculation | |
| --- | --- |
| Unadjusted Escrow Payment | 288.83 |
| Surplus Amount: | 0.00 |
| Shortage Amount: | 20.05 |
| Rounding Adjustment Amount: | 0.00 |
| Escrow Payment: | $308.88 |

Payment _____ of ____ is paid in full, your new monthly payment will be $880.39 (calculated by subtracting the Shortage Amount to the left and rounding, if applicable). Paying the shortage does not guarantee that your payment will remain the same, as your tax or insurance bills may have changed. If you would like to pay the shortage now, please pay the entire amount of the shortage before the effective date of your new payment. To ensure that the funds are posted to your account correctly, please notify your asset manager that you are paying the shortage.

NOTICE OF RIGHT TO CANCEL PRIVATE MORTGAGE INSURANCE: If you currently pay private mortgage insurance premiums, you may have the right to cancel the insurance. In most cases, you have the right to cancel private mortgage insurance if the principal balance of your loan is 80 percent or less of the current fair market appraised value of your home, and you have a good payment history on your loan. If you want to learn whether you are eligible to cancel this insurance, please contact us at 323 Fifth Street, Eureka, Ca 95501 or 800-603-0836.

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF HUMBOLDT

I, Megan M. Lynch, certify that I am a resident of the County aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 323 Fifth Street, Eureka, California 95501.

On January 3rd 2018, I served the within a NOTICE OF MORTGAGE PAYMENT CHANGE on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage prepaid in the United States mail at Eureka, California, addressed as follows:

**William R. Moyer**
**Jennifer L. Moyer**
1535 Henry Street
Huntington, IN 46750

**Debra L. Miller**
P.O. Box 11550
South Bend, IN 46634

**Jeffrey S. Arnold**
Jeffrey S. Arnold, Attorney at Law
209 W. Van Buren Street
Columbia City, IN 46725

I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 3rd 2018, at Eureka, California.

/s/ Megan M. Lynch
Megan M. Lynch


TRUSTEE EXHIBIT 5

### MOYER 16-10077 POST PETITION ESCROW CALCULATION AND COMPARISON

| Post Date | Per SN Actual Post Petition Escrow Paid | Per Confirmed Plan Escrow Amount Due | Per Trustee Escrow Amount Paid | Per SN Post Petition ACTUAL Escrow Disbursement | Description | Per SN Post Petition Projected Escrow Balance | Per SN Actual Balance | Per Trustee Post Petition Escrow Balance |
|---|---|---|---|---|---|---|---|---|
| 1/25/2016 | | | | | Escrow shortage date of filing | | | $ 700.69 |
| February-16 | | $ 233.58 | | | | $ 700.69 | $ 11,324.82 | $ 700.69 |
| March-16 | | $ 233.58 | | **9802.74** | unknown?? | $ 934.27 | $ 11,324.82 | $ 700.69 |
| April-16 | | $ 233.58 | | $ (685.00) | taxes paid | $ 830.92 | $ 11,324.82 | $ 15.69 |
| May-16 | | $ 233.58 | | | | $ 1,064.50 | $ 12,009.82 | $ 15.69 |
| June-16 | $ 1,004.32 | $ 233.58 | $ 1,167.90 | | | $ 1,298.08 | $ 11,005.50 | $ 1,020.01 |
| July-16 | $ 502.16 | $ 233.58 | $ 233.58 | | | $ 1,531.66 | $ 10,503.34 | $ 1,522.17 |
| August-16 | $ 502.16 | $ 233.58 | $ 233.58 | | | $ 1,765.24 | $ 10,001.18 | $ 2,024.33 |
| September-16 | $ 502.16 | $ 233.58 | $ 233.58 | $ (1,908.44) | insurance paid | $ 1,998.82 | $ 11,156.38 | $ 618.05 |
| October-16 | $ 502.16 | $ 233.58 | $ 233.58 | $ (655.00) | taxes paid | $ - | $ 11,309.22 | $ 465.21 |
| November-16 | $ 753.24 | $ 233.58 | $ 233.58 | | | $ 233.58 | $ 10,555.98 | $ 1,218.45 |
| December-16 | $ 233.58 | $ 233.58 | $ 233.58 | | | $ 467.16 | $ 1,052.28 | $ 1,452.03 |
| January-17 | $ 233.58 | $ 233.58 | | | | $ 700.74 | $ 1,285.86 | $ 1,685.61 |
| February-17 | $ 233.58 | $ 268.21 | $ 233.58 | | | $ 700.74 | $ 1,519.44 | $ 1,919.19 |
| March-17 | $ 1,004.32 | $ 268.21 | $ 536.42 | | | | $ 8,798.42 | $ 2,455.61 |
| April-17 | $ 502.16 | $ 268.21 | $ 268.21 | $ (639.99) | taxes paid | $ - | $ 8,935.25 | $ 2,083.83 |
| May-17 | $ 762.34 | $ 268.21 | $ 268.21 | | | $ - | $ 8,183.01 | $ 2,352.04 |
| June-17 | $ 502.16 | $ 268.21 | $ 268.21 | | | $ - | $ 7,671.75 | $ 2,620.25 |
| July-17 | $ 251.08 | $ 268.21 | $ 268.21 | | | $ - | $ 7,420.67 | $ 2,888.46 |
| August-17 | $ 251.08 | $ 268.21 | $ 268.21 | | | $ - | $ 7,169.59 | $ 3,156.67 |
| September-17 | $ 1,175.90 | $ 268.21 | $ 268.21 | | | $ - | $ 5,993.69 | $ 3,424.88 |
| October-17 | $ 251.08 | $ 268.21 | $ 268.21 | $ (2,826.01) | taxes & insuranc | $ - | $ 8,568.62 | $ 867.00 |
| November-17 | $ 251.08 | $ 268.21 | $ 268.21 | | | $ - | $ 8,317.54 | $ 1,135.29 |
| December-17 | **12025.51** | $ 268.21 | $ 268.21 | **4271.29** | unknown?? | $ - | $ 295.11 | $ 1,403.50 |
| January-18 | $ 268.21 | $ 268.21 | $ 268.21 | | | $ - | $ 26.90 | $ 1,671.71 |
| Feb-18 | $ 268.21 | $ 268.21 | $ 268.21 | | | $ - | $ 241.31 | $ 1,939.92 |
| | $ 21,980.07 | $ 6,289.69 | $ 6,289.69 | | | | | |